I respectfully dissent from the majority's decision that a question of material fact exists concerning appellant's entitlement to an easement by necessity.
Specifically, the majority concludes a question of material fact exists as to whether appellant has an alternative means of access to his property. As noted by the majority, appellant testified, at his deposition, that since 1970 he has had access to his property from Honda Hills Road. However, in order to use this access, he must traverse property currently owned by the Haumans. Appellant further testified that he has no written agreement or written easement with the Haumans. The majority is concerned that without a written agreement or easement, appellant could lose his access if the Haumans withdraw their permission or transfer their property to someone else and therefore concludes a genuine issue of material fact exists.
In the Trattar case, the Ohio Supreme Court explained "* * * the burden of proof rests upon him who asserts it to show the existence of all facts necessary to establish his right to an easement by implication." Trattar at 292-293, citing 17 American Jurisprudence, 945, Section 32; and 15 Ohio Jurisprudence, 144, Section 121. "An easement in the form of a way of necessity will not be implied, where there is available another way of ingress and egress to and from the land involved, even though such other way is less convenient and would necessitate the expenditure of an appreciable amount of labor and money to render it serviceable." Trattar at paragraph eight of the syllabus.
In the case sub judice, appellees, in their motion for summary judgment, argued appellant could not establish an easement by necessity because appellant testified, at his deposition, that he had an alternative means of access to his property. Defendants' Motion for Summary Judgment, March 27, 1998, at 8-9. Under Civ.R. 56, once appellees pointed to appellant's testimony, in which he indicated he had an alternative means of access, the burden shifted to appellant to set forth specific facts demonstrating there was a genuine issue of material fact for trial, that is, that he does not have an alternative means of access.
In order to do this, appellant had to present specific facts demonstrating he does not have an easement by necessity or a prescriptive easement over the Haumans' property. Appellant did not address this issue and therefore, failed to establish that a genuine issue of material fact exists for trial.
Accordingly, I would affirm the trial court's grant of summary judgment on behalf of appellees.
 ---------------------------- JUDGE JOHN W. WISE
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed in part and reversed in part and remanded back to the trial court for proceedings consistent with this opinion.
---------------------------
---------------------------
 --------------------------- JUDGES